## PROHASKA v. ST. PAUL FIRE & MARINE INS. CO.

(District Court, E. D. Louisiana, New Orleans Division.  May 18, 1920.)

No. 16,218.

1. **Insurance** ⊙⟹402—**Consent to repair does not render marine insurer liable for loss from risk not insured against.**

   Under a marine policy insuring against unavoidable dangers of rivers, fires, and jettisons, and providing that it should be void while the vessel was unseaworthy, except while proceeding to port for repairs and during the time of such repairs, notice to the insurer and consent by it to the making of repairs did not render it liable for a loss during repair from a risk not insured against.

2. **Insurance** ⊙⟹404—**Loss during repairs on shipways from breaking of cribbing not from "peril of the river."**

   Where the cribbing supporting a vessel which had been hauled out on shipways for repair broke away from its fastenings and slid into the river with the vessel, which sank because some of its planks had been removed in the process of repair, the loss was not caused by a "peril of the river," within a marine insurance policy.

3. **Insurance** ⊙⟹402—**Policy does not cover loss ejusdem generis without language so extending it.**

   A marine policy insuring against loss from unavoidable dangers of rivers, fires, and jettisons, with no clause extending the risk to analogous dangers, does not cover a loss caused by a peril ejusdem generis.

In Admiralty.  Suit by J. F. Prohaska against the St. Paul Fire & Marine Insurance Company.  On exceptions to the libel.  Exceptions sustained, and libel dismissed.

J. D. & M. A. Grace, of New Orleans, La., for libelant.

Terriberry, Rice & Young, of New Orleans, La., for respondent.

FOSTER, District Judge.  This is a libel on a policy of marine insurance, to which the respondent has filed an exception of no cause of action.  It appears from the allegations of the libel that the steamboat Helen Lane, on which the policy had been issued, was in need of repairs, and for that purpose was hauled out on shipways at Berwick, La.  During the course of repairing, the crib supporting the boat broke away from its fastenings and together with the vessel slid down the ways into the river.  Some of the planks had been removed from the hull of the boat for the purpose of replacing them with new planks, and she sank, eventually becoming a total loss.

[1] The risk assumed by the insurer was loss from "unavoidable dangers of rivers, of fires, and jettisons."  There is no clause extending the risk to analogous dangers.  The policy contains a clause voiding it while the vessel is unseaworthy, "except while proceeding to a

---

⊙⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

port for repairs and during the time of such repairs." Before attempting to repair the boat, the insurers were notified and consented; but this does not affect the liability of the insurer in this case.

It is contended by respondent that the loss was caused by the breaking of the cribbing, which occurred on land, and was not an unavoidable dangers of rivers, and was not covered by the policy. On the other hand, libelant contends that the loss was occasioned by the sinking of the vessel through unseaworthiness while undergoing repairs, therefore within the exception of the policy and covered by it.

The Supreme Court has considered what are perils of the river, and defined them generally as:

Those "risks arising from natural accidents peculiar to the river, which do not happen by the intervention of man, nor are to be prevented by human prudence." Garrison v. Memphis Ins. Co., 19 How. 312, 15 L. Ed. 656.

By analogy and comparison with many cases defining perils of the sea, the logic of this construction is irresistible; and it would seem the court in that case gave its approval to the doctrine that damages to a vessel by bilging caused by insufficiency of tackle in getting her from the dock would not be caused by perils of the sea.

[2] It is evident that the loss of the Helen Lane was not caused by a peril of the river. The proximate cause was the breaking of the cribbing on the shipways. Her sinking was not caused by stress of weather, nor striking a hidden obstruction, nor any other avoidable accident. Undoubtedly the accident could have been prevented by proper care. It cannot be considered that the sinking of the boat, under the circumstances, was any more the proximate, or a concurring, cause of the loss than if she had been deliberately scuttled by the crew. The G. R. Booth, 171 U. S. 140, 19 Sup. Ct. 9, 43 L. Ed. 234.

[3] Nor can recovery be had on the ground that the loss was caused by peril ejusdem generis, as there is no saving clause in the policy to that effect, and the most liberal construction cannot interpolate one.

The exception will be sustained, and the libel dismissed.